UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KARI V.,

            Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. 2:24-CV-804-DWC

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of her application for Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court concludes that this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

### I. BACKGROUND

Plaintiff applied for DIB on November 18, 2018. Administrative Record (AR) 4. Her alleged date of disability onset is March 25, 2017. *Id.* Her requested hearing was held before

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 1

1    Administrative Law Judge (ALJ) Richard Hlaudy in September 2020. AR 238–62. ALJ Hlaudy

2    issued a decision finding Plaintiff not disabled the next month (AR 72–92), which was reversed

3    by this Court pursuant to a stipulated remand order (AR 103–08). Plaintiff filed an additional

4    claim in May 2021, which was consolidated with her previous claim. *See* AR 130.

5         On remand, ALJ Howard Prinsloo (the ALJ) held another hearing on December 28, 2023.

6    AR 29–48. On April 4, 2024, the ALJ issued a written decision finding Plaintiff not disabled

7    between her alleged onset date and her 55th birthday in March 2020 (the relevant period). AR 1–

8    28. Plaintiff failed to file exceptions with the Appeals Council, making the ALJ's decision

9    Commissioner's final decision subject to judicial review. *See* 20 C.F.R. § 404.984(a). On June

10   12, 2024, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision.

11   Dkt. 6.

## II.   STANDARD

13        Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

14   benefits if, and only if, the ALJ's findings are based on legal error or not supported by

15   substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

16   Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III.  DISCUSSION

18        In her opening brief, Plaintiff argues the ALJ erred in considering her subjective

19   testimony and in failing to include a sit-stand-at-will limitation in the Residual Functional

20   Capacity (RFC) assessment. Dkt. 10.

21   **A.   Subjective Symptom Testimony**

22        Plaintiff alleged, due to pain from her degenerative disc disease and hidradenitis

23   suppurativa, she could stand for about 20 minutes at a time and walk about half a block, required

1 | time to lie down to take pressure off her back, and had difficulties lifting more than ten pounds.
2 | *See* AR 250–53, 553–58.

3 | The ALJ was required to "offer[] specific, clear, and convincing reasons" for discounting
4 | Plaintiff's testimony. *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). Defendant
5 | argues the ALJ did so by pointing to (1) the objective medical evidence, (2) improvement in
6 | Plaintiff's symptoms, (3) Plaintiff's activities of daily living, and (4) evidence that Plaintiff
7 | worked during the relevant period. Dkt. 14 at 3–8. The Court finds these were not adequate
8 | reasons supported by substantial evidence.

9 | <u>Objective Medical Evidence</u>. The ALJ stated that Plaintiff's testimony was "not entirely
10 | consistent with the medical evidence," summarized the medical evidence, and then stated the
11 | medical evidence did not support limitations beyond those in the RFC. *See* AR 10–15. This is
12 | inadequate to meet the standard for rejecting subjective symptom testimony. *See Brown-Hunter*
13 | *v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) ("[The ALJ] simply stated her non-credibility
14 | conclusion and then summarized the medical evidence supporting her RFC determination. This
15 | is not the sort of explanation or the kind of 'specific reasons' we must have in order to review the
16 | ALJ's decision meaningfully, so that we may ensure that the claimant's testimony was not
17 | arbitrarily discredited."); *Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) ("[T]o
18 | satisfy the substantial evidence standard, the ALJ must . . . explain why the medical evidence
19 | is *inconsistent* with the claimant's subjective symptom testimony.") (emphasis in original).

20 | The evidence Defendant contends was inconsistent with Plaintiff's subjective testimony
21 | was not necessarily inconsistent with Plaintiff's testimony and, without further explanation, was
22 | insufficient to reject Plaintiff's testimony.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 3

1    The ALJ discussed notations of "no acute distress" (AR 11), but such notations show Plaintiff did not have new, emerging conditions when seeking treatment, not that Plaintiff was unaffected by her ongoing, chronic conditions. *See Richard F. v. Comm'r of Soc. Sec.*, 2019 WL 6713375, at *7 (W.D. Wash. Dec. 10, 2019) ("'Acute' means 'of recent or sudden onset; contrasted with chronic.' Oxford English Dictionary, acute (3d ed. Dec. 2011). Plaintiff's impairments are chronic, not acute.").

The ALJ discussed some normal examination findings, and noted that, at times, Plaintiff presented with normal or "mildly antalgic" gait, sensation, strength, and hip range of motion. *See* AR 11–12. Such findings are not clearly probative as to the duration for which Plaintiff is capable of walking and standing. *See, e.g., Angela M. C. v. Comm'r of Soc. Sec.*, 2024 WL 1367635, at *3 (W.D. Wash. Apr. 1, 2024) ("The finding Plaintiff has normal gait is not necessarily probative of how far Plaintiff can walk."); *Jeffrey M. H. v. Comm'r of Soc. Sec.*, 2024 WL 4986720, at *2 (W.D. Wash. Dec. 5, 2024) (strength testing "goes to weakness, not endurance"). Moreover, the ALJ erred by acknowledging Plaintiff had some abnormalities in these areas (*see* AR 11–13) but failing to explain why those abnormalities were either inconsistent with Plaintiff's testimony or less probative than the normal findings. *See Brown-Hunter*, 806 F.3d at 492 (ALJ must "set forth the reasoning behind [his] decision[] in a way that allows for meaningful review").

Improvement in Symptoms. The ALJ noted that, at times, Plaintiff reported improvement from some medication and reported relief for several hours from an injection. *See* AR 11, 12. Without further explanation, such findings are insufficient to conclude Plaintiff's condition improved such that it was no longer as impairing as alleged. *See Holohan v. Massanari*, 246 F.3d

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 4

1195, 1205 (9th Cir. 2001) ("[S]ome improvement" in a person's symptoms "does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.").

<u>Activities of Daily Living</u>. Defendant contends the ALJ rejected Plaintiff's allegations because she "admitted to daily pool activity, walking in the water for an hour at a time, as well as a home-exercise program." Dkt. 14 at 6. Plaintiff walked slowly in the water for one hour each day and stretched at home. *See* AR 1011, 1015. The ALJ did not explain, nor can the Court discern, how such activities were inconsistent with Plaintiff's testimony. Plaintiff's stretching does not involve walking or standing for prolonged periods or lifting weights. Her ability to walk in a pool says little of her ability to walk ashore for extended periods without back pain. *See* Aquatic Exercises, Mayo Clinic (June 2023) (noting aquatic exercises like water walking "take[] the pressure off the bones, joints and muscles").

<u>Work</u>. The ALJ noted Plaintiff worked part-time taking orders for a florist from home; worked for two days as a part-time cashier; and indicated she wanted to be retrained for light work. *See* AR 14, 247. Her part-time work is not necessarily inconsistent with her seeking benefits or her testimony. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) ("[T]he record here does not establish whether Carmickle held himself out as available for full-time or part-time work. Only the former is inconsistent with his disability allegations."); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1039–40 (9th Cir. 2007) (finding nine-week work attempt not a valid reason for discounting Plaintiff's symptom testimony). Although the ALJ noted cashier positions are generally light work, this does not mean Plaintiff performed the functions she testified she was unable to perform. Wishing to be retrained for "less physically demanding" work (AR 925) does not mean Plaintiff thought herself able to perform that work.

In sum, the ALJ failed to give specific, clear, and convincing reasons for discounting Plaintiff's subjective symptom testimony. Defendant does not dispute that such an error requires reversal, and, thus, the Court reverses. *See* Dkt. 14; *Ferguson*, 95 F.4th at 1204 ("The Commissioner does not contend that the ALJ's error was harmless. Consequently, we reverse the judgment . . . .").

**B.   Remaining Issues**

The Court need not consider Plaintiff's contention that the ALJ erred in failing to include a sit-stand-at-will limitation in the RFC. Rather, the Court directs the ALJ to reassess Plaintiff's testimony and the medical evidence on remand and, if appropriate, reformulate the RFC and reassess his steps four and five findings. Plaintiff contends the case should be remanded for an award of benefits, but there remain ambiguities about whether, if credited, Plaintiff's testimony would lead to a finding that she is disabled, precluding such a remedy. *See Garrison*, 759 F.3d at 1020.

### IV.   CONCLUSION

For the foregoing reasons, the Court **REVERSES** and **REMANDS** the decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 13th day of December, 2024.

David W. Christel
United States Magistrate Judge